David **HORNSTEIN** et al., Petitioners,

v.

**DISTRICT OF COLUMBIA ALCOHOLIC BEVERAGE CONTROL BOARD,**
Respondent.

No. 8091.

District of Columbia Court of Appeals.

Argued June 10, 1974.

Decided June 18, 1974.

As Amended July 8, 1974.

Stanley A. Racoosin, Washington, D. C., with whom John Lewis Kelly, Washington, D. C., was on the Motion for Summary Reversal, for petitioners.

David P. Sutton, Asst. Corp. Counsel, Washington D. C., with whom C. Francis Murphy, Corp. Counsel, and Richard W. Barton and Louis P. Robbins, Asst. Corp. Counsel, Washington, D. C., were on the opposition, for respondent.

Before REILLY, Chief Judge, and KELLY and NEBEKER, Associate Judges.

PER CURIAM:

In this petition for review of action by the Alcoholic Beverage Control Board (the Board), the parties agree that the issue presented is one of statutory construction respecting the transfer of a liquor license.[1] Petitioners are the trustees under a security agreement and the assignees of the Secured Party under that agreement. When the debtor (the licensee) ceased paying on the deferred purchase note which secured the indebtedness, the assignees instructed the trustees to foreclose and sell the security (the retail liquor business) at public auction. As no other bids were made, the assignees purchased the security at the foreclosure auction. At about the same time, criminal charges were lodged against officers of the licensee for the unlawful sale of narcotics on the licensed premises. As the license was about to expire, peti-

---

1. Petitioners also assert that the Board is not duly constituted since there is a vacancy in its three-person membership and that its present members have a conflict of interest by virtue of also holding other public office. In view of the disposition we make of the legal issue concededly presented in favor of petitioners, we find it unnecessary to decide those questions, and furthermore not in petitioners' interest to have them pursued. Surely with our disposition in their favor, petitioners will abandon their challenge to Board composition.

tioners filed the transfer application involved here with the Board, requesting that the license be transferred from the licensee to them until such time as the business could be sold. It was then that the Board informed petitioners that it had no authority under the statute[2] to transfer the license.

The statutory point which the parties agree is presented in this petition relates to an interpretation of D.C.Code 1973, § 25–117, which provides:

> No license shall be transferred by the licensee to any other person or to any other place, except with the written consent of the Board, upon a regular application therefor in writing and after notice and hearing, as herein provided for an original application for license, and the fee to be paid by the party applying for such transfer shall be $100, which shall be paid to the Collector of Taxes for the District of Columbia before such transfer is made: *Provided,* That the Board shall not allow the transfer of the license of any person against whom there is pending in the courts or before the Board any charge of keeping a disorderly house, or of violating this chapter or the laws against gambling in the District of Columbia.

The Board views the proviso in this provision as forbidding the transfer of a license "of any person against whom" charges are pending. Petitioners were advised that the officers of the licensee from whom they sought transfer of the license were persons included in the above proviso, and therefore there was no authority to grant petitioners' request.

█ A reading of § 25–117 reveals that Congress sought to prevent the transfer "by the licensee" when said licensee had charges pending against him as specified in the proviso. We conclude that any reading of § 25–117 which expands the proviso to cases where the licensee is not

seeking transfer of his license is in error. It is apparent that the evil sought to be prevented by § 25–117 was the transfer by a licensee who was the putative subject of revocation or suspension as provided in D. C.Code 1973, § 25–118. Clearly to permit a licensee to avoid the sanction of revocation or suspension by accomplishing transfer prior to the resolution of pending charges would make the sanction of revocation or suspension meaningless.

Section 25–117 does not deal with instances where transfer of a license is sought by someone other than the present license holder. Indeed, the rules of the Alcoholic Beverage Control Board clearly contemplate, in addition to transfer at the request of a licensee, the transfer of a license upon "the request of a bona fide purchaser of the license at a marshal's sale, a trustee's sale under foreclosure of a chattel deed of trust, a trustee's or receiver's sale in bankruptcy proceedings, or at any other sale conducted upon the order of a court of competent jurisdiction." *See* Title 3, District of Columbia Register, Special Edition, § 2.3(b), dated June 18, 1971.

█ In the instant case it is not contested that petitioners are otherwise qualified for a transfer of the license.[3] They were mortgage holders of the business, and purchased it at a foreclosure sale when the licensee ceased to do business on the premises as a result of a conviction stemming from illegal activity on the premises. We therefore hold that § 25–117 does not apply to the requested transfer in this case.

In oral argument, Corporation Counsel conceded that as transfer of license had been denied purely as a matter of statutory construction, if such construction was wrong, petitioners were entitled to a license. Accordingly, the challenged ruling is vacated and the case remanded.

So ordered.

---

2. D.C.Code 1973, § 25–117.

3. Of course, granting the request for transfer must be preceded by notice and hearing as required by § 25–117, *supra,* n. 2.